UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
UNITED STATES OF AMERICA              :
                                      :
v.                                    :    **OPINION AND ORDER**
                                      :
JONATHAN RIVERA,                      :    7:23-cr-00076 (PMH)
                                      :
                          Defendant.  :
-------------------------------------------------------------x

PHILIP M. HALPERN, United States District Judge:

      On July 19, 2024, the Court sentenced Defendant Jonathan Rivera to 180 months of imprisonment, to be followed by 5 years of supervised release, following his guilty plea of coercion and enticement of a minor in violation of 18 U.S.C. § 2422(b). A judgment of conviction was filed that same day. (Doc. 101). On August 7, 2024, Defendant filed an untimely notice of appeal from that judgment.

      By Order filed August 15, 2025, the United States Court of Appeals for the Second Circuit granted the Government's motion to dismiss Defendant's appeal without prejudice as untimely and directed this Court to treat the notice of appeal as a request for an extension of time to file a notice of appeal. (Doc. 115). The Second Circuit further directed this Court to determine whether Defendant "can demonstrate 'excusable neglect or good cause' for failure to file his notice of appeal within the fourteen-day period provided in Federal Rule of Appellate Procedure 4(b)(1)(A); and, if so, to decide whether to exercise its discretion to grant an extension" pursuant to Fed. R. App. P. 4(b)(4). (*Id.*). Thereafter, the Court directed the Parties to file letters setting forth their positions regarding the two questions posed by the Second Circuit. (Doc. 116).

      Defendant filed an initial letter on August 25, 2025 and a supplemental letter on October 6, 2025, including an Affirmation from Mr. Rivera, requesting that the Court find excusable neglect or good cause for the untimely filing of the notice of appeal. (Docs. 118 & 122). On

September 4, 2025, the Government filed its letter arguing that Defendant had not established excusable neglect or good cause for the delayed filing of his notice of appeal. (Doc. 119). After the Court directed a response from Elizabeth Quinn, Esq., Defendant's attorney at his sentencing who filed the notice of appeal, Ms. Quinn filed a letter dated November 7, 2025. (Doc. 125).

For the reasons set forth below, the Court concludes that Defendant has established excusable neglect for the late filing of his notice of appeal.

## **ANALYSIS**

A criminal defendant must file his notice of appeal within fourteen days of the entry of the judgment. *See* Fed. R. App. P. 4(b)(1)(A)(i). Federal Rule of Appellate Procedure 4(b)(4) permits district courts to grant leave to file late appeals "[u]pon a finding of excusable neglect or good cause." Good cause exists in situations where there is no fault for the late filing due to circumstances beyond the defendant's control. *See United States v. Darling*, 695 Fed. Appx. 611, 613 (2d Cir. 2017).[1] The excusable neglect standard "applies in situations in which there is fault" and is an equitable decision. *Id*.

Courts consider four factors to determine whether a defendant has shown excusable neglect: (1) the danger of prejudice to the nonmovant, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *See Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993). "Despite the flexibility of excusable neglect and the existence of the four-factor test in which three of the factors usually weigh in favor of the party seeking the extension," courts focus on the reason for the delay,

---

[1] Unless otherwise noted, all case quotations omit internal quotation marks, citations, alterations, and footnotes.

including whether it was within the reasonable control of the movant. *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003).

Defendant filed his notice of appeal nineteen days after the entry of judgment. Defendant states that once he decided to file a notice of appeal he asked a family member to contact Ms. Quinn to inform her of his decision and that they subsequently spoke within two weeks after the sentencing. (Doc. 122-1, ¶ 3). Ms. Quinn states that she spoke to the Defendant on July 23, 2024 when he was housed at the Hudson County Jail. At that time Defendant informed Ms. Quinn that he did not wish to appeal the sentence other than potentially the restitution amount.

Defendant's family subsequently contacted Ms. Quinn on Defendant's behalf and it was not clear to her that they understood what could be appealed based on the terms of the plea agreement. On August 1, 2024, still within the 14-day appeal period, Ms. Quinn received a voicemail from Defendant's mother indicating that she could not reach him and it appeared he had been moved. Ms. Quinn had difficulty determining where Defendant was located and eventually learned he had been transferred to the Metropolitan Detention Center. On August 7, 2024, Ms. Quinn spoke to Defendant and he confirmed he wanted to file a notice of appeal. Ms. Quinn immediately requested that a notice of appeal be filed and the notice was filed later the same day. (Doc. 125).

The Government has not articulated any prejudice caused by the minor delay and a five-day delay does not have any significant impact on the judicial proceedings in any event. Based on the above sequence of events, the Court finds that Defendant has shown excusable neglect for filing the notice of appeal five days past the August 2, 2024 deadline. Immediately prior to the appeal deadline neither Defendant's family nor Ms. Quinn was able to locate Defendant as he had transferred BOP facilities. Upon locating Defendant, Ms. Quinn confirmed that he wanted to file

a notice of appeal and she filed the notice the same day. Accordingly, the four-factor test and equitable considerations weigh in favor of granting the requested extension.

## **CONCLUSION**

Defendant's request for an extension of time to file a notice of appeal is GRANTED. Defendant has demonstrated excusable neglect for the late filing of the notice of appeal and in the exercise of its discretion, the Court extends the filing deadline, *nunc pro tunc*, to August 7, 2024.

**SO ORDERED:**

Dated: White Plains, New York
        November 21, 2025

_____
Philip M. Halpern
United States District Judge